### SEYMOUR v. HENDEE et al.

(Circuit Court, D. Vermont. March 6, 1893.)

PLEDGE—WHAT CONSTITUTES—DELIVERY.

A mere understanding between a principal and surety that a part of certain bonds of the principal held by a bank shall be held for the security of the surety does not operate as a pledge when none of the bonds are delivered for that purpose either to the bank, for the surety, or to the surety.

In Equity. Suit by Horatio P. Seymour against George W. Hendee, receiver, and Bradley B. Smalley. Bill dismissed.

Wilson & Hall, for orator.
Albert P. Cross and F. W. McGettrick, for defendant Smalley.
Geo. W. Hendee, pro se.

WHEELER, District Judge. This cause has been heard on bill and answers. The answers in such cases are taken as true. The bill is brought to recover bonds or their avails, alleged to have been pledged to a surety on notes to the orator, held by the defendant Hendee as receiver of a national bank, and sold to the defendant Smalley, being a part of a lot pledged to the bank. There may have been an understanding between the principal and surety that a part of the bonds held by the bank should be held for the security of the surety; but none were, according to the answers, delivered to the bank for that purpose, or for the surety, or to the surety. "It is of the essence of the contract that there should be an actual delivery of the thing to the pledgee. Until the delivery of the thing, the whole rests in an executory contract, however strong may be the engagement to deliver it; and the pledgee acquires no right of property in the thing." Story, Bailm. § 297. As the surety acquired no right to the bonds, the orator could be subrogated to none.

Bill dismissed.